IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
HARPER COUNTY COMMISSION            )
OF KANSAS,                          )
                                    )
             Plaintiff,             )
                                    )
     v.                             )    Case No. 14-1190-RDR
                                    )
                                    )
FLAT RIDGE 2 WIND ENERGY LLC        )
             Defendant.             )
```

**MEMORANDUM AND ORDER**

This is a contract action which has been removed from the state district court in Harper County, Kansas to this court on the grounds of diversity jurisdiction. Plaintiff county commission has alleged that defendant wind energy company failed to make annual payments due under a contract related to a commercial wind energy project. Defendant, after removing this case, filed an answer and counterclaim which makes two claims: a claim relating to the contract alleged by plaintiff; and a claim relating to a separate contract called a Road Use and Maintenance Agreement. The Road Use and Maintenance Agreement contains a forum selection clause which requires that disputes between the parties relating to the agreement be heard in the district court of Harper County, Kansas.[1]

---

[1] The clause reads: "Any and all appeals, litigation and/or lawsuits and/or claims regarding the subject matter of this agreement shall be heard in the District Court of Harper County, Kansas and not in any other court or

This case is before the court upon plaintiff's motion to remand the case to state district court. Doc. No. 9. Plaintiff makes two arguments for remand. First, plaintiff contends that plaintiff has failed to establish that complete diversity exists because defendant (a limited liability company) has failed to identify the citizenship of its members. Second, plaintiff contends that the second count of defendant's counterclaim (involving the Road Use and Maintenance Agreement) has a forum selection clause which should be enforced. Defendant has responded by seeking leave to amend the notice of removal to state the citizenship of each of its members. Doc. No. 12. Defendant has further responded that the forum selection clause should not be enforced because it would cause a waste of resources.

Plaintiff admits that if defendant is granted its request to amend the notice of removal, then complete diversity will be established. Plaintiff does not offer substantial grounds to deny the requested amendment. Upon due consideration, the court shall grant the motion to amend the notice of removal. See Hendrix v. New Amsterdam Casualty Co., 390 F.2d 299, 300-301 (10th Cir. 1968)(amendment allowed to show principal place of business of defendant and state of citizenship); Mason v.

---

judicial venue, and this contract shall be governed by the laws of the State of Kansas." Doc. No. 10-1, Ex. A, ¶ 13.

Thompson, 2006 WL 1134939 *3 (W.D.Okla. 4/27/2006)(amendment allowed to allege states of citizenship of various owners of LLC); Muhlenbeck v. Ki, LLC, 304 F.Supp.2d 797, 801-02 (E.D.Va. 2004)(same).

As for Count II of the counterclaim involving the Road Use and Maintenance Agreement, plaintiff maintains that this court "should require [defendant] to litigate Count II . . . in Harper County, Kansas." Doc. 15, p. 6. Plaintiff does not specifically say whether the court should remand Count II of the counterclaim to state court or whether the court should dismiss Count II without prejudice, which would require defendant to file the claim in Harper County District Court.

The Supreme Court has stated that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." Atlantic Marine Construction Company, Inc. v. United States District Court, 134 S.Ct. 568, 580 (2013). The Court noted that for forum selection clauses calling for a nonfederal forum, the transfer provisions of 28 U.S.C. § 1404(a) do not apply. Id. Therefore, the court shall treat plaintiff's motion to remand as a motion to dismiss Count II of the counterclaim on the grounds of forum non conveniens.

Applying the doctrine to the allegations in this case, the court must remember that "[w]hen the parties have agreed to a

3

valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. at 581. Even though, to repeat, we are not applying the provisions of § 1404(a) here, the analysis is the same because § 1404(a) "is merely a codification of the doctrine of forum non conveniens." Id. at 580.

Defendant, as the party defying the forum-selection clause, bears the burden of establishing that the clause should be ignored by bringing arguments, not about "such 'private interests' as inconvenience for the parties or for their witnesses or for their pursuit of the litigation." Id. at 582. Rather, a court may consider "arguments about public-interest factors only."[2] Id. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id. Defendant's burden is to show that "public-interest factors overwhelmingly disfavor a transfer." Id. at 583.

Defendant makes three arguments for not enforcing the forum selection clause: 1) retaining jurisdiction over Count II

---

[2] In Atlantic Marine, the Court identified "public-interest factors" as including: "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" 134 S.Ct. at 581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6, 1-2 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

4

of the counterclaim will allow this court to resolve all claims between the parties relating to the commercial wind energy project; 2) enforcing the forum selection clause will unduly waste the parties' resources and judicial resources; and 3) enforcement of the forum selection clause will lead to a risk of parallel litigation in this court and the Harper County District Court over issues of fact and law regarding plaintiff's conduct and course of dealing with respect to the two contracts at issue.

    The court rejects these arguments as sufficient grounds to deny dismissal of Count II of the counterclaim for the following reasons.  First, the arguments in significant part reflect private interests which the Supreme Court has said should not factor in our application of the <u>forum non conveniens</u> doctrine when considering whether to enforce a forum selection clause. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."  <u>Id.</u>  Second, the parties and the courts should be able to schedule and coordinate discovery and litigation regarding the two contracts to minimize any waste of the parties' and judicial resources.  Third, the possibility of litigation over both contracts is a factor which the parties could have and possibly did take into consideration when they

5

negotiated the forum selection clause.  Fourth, the case law cited by defendant in opposition to enforcing the forum selection clause was decided prior to Atlantic Marine.  Fifth, the public-interest factor of having a localized controversy decided close to home favors enforcing the forum selection clause.  Finally, Count II of the counterclaim involves a contract separate from the contract underlying the other claims and there are only two parties and a small number of claims in this case.  Therefore, while there may be some duplication of effort or expenses involved if the court dismisses Count II of the counterclaim and it is refiled in Harper County District Court, the court does not believe this case is extraordinary or that the public-interest factors "overwhelmingly disfavor" dismissal of Count II.  See, e.g., 1-Stop Financial Service Centers of America, LLC v. Astonish Results, LLC, 2014 WL 279669 (W.D.Tex. 1/23/2014)(granting motions to transfer to two different courts by separate defendants and a motion to sever, in order to enforce forum selection clauses in separate agreements related to the provision of website design and marketing services); Carmouche Ins. Inc. v. Astonish Results, LLC, 2014 WL 2740464 (M.D.La. 6/17/2014)(same); Excentus Corp. v. Giant Eagle, Inc., 2014 WL 923520 (W.D.Pa. 3/10/2014)(severing and transferring counterclaims arising from stock purchase agreements with forum selection clause).

6

For the above-stated reasons, the court shall: grant defendant's motion to amend the notice of removal (Doc. No. 12); deny plaintiff's request to remand this case in its entirety to the court from which it was removed; treat plaintiff's request to require that defendant litigate Count II of its counterclaim in Harper County District Court as a motion to dismiss Count II on the grounds of forum non conveniens; and dismiss Count II of the counterclaim without prejudice on the grounds of forum non conveniens. Plaintiff's motion to remand (Doc. No. 9) is granted in part and denied in part consistent with this order.

**IT IS SO ORDERED.**

Dated this 4th day of September, 2014, at Topeka, Kansas.

s/Richard D. Rogers
Richard D. Rogers
United States District Judge